## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM R. KASTNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-309 |
| | ) | Judge Nora Barry Fischer |
| FIRST STUDENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM ORDER**

AND NOW, this 28th day of April, 2026, upon consideration of the Court's Order of March 27, 2026 staying this matter after Christopher Papa, Esq. did not appear for a Status Conference held on that date, had not returned numerous communications from Court staff and had neither sought a general admission to the Bar of this Court nor filed a motion seeking to appear pro hac vice for this case, and directing that Plaintiff William R. Kastner have counsel enter an appearance on his behalf or enter an appearance pro se by April 17, 2026, and noting that "failure to adhere to this Court's Order may result in sanctions, including dismissal for failure to prosecute," (Docket No. 17), the Order having been emailed and mailed (along with the entire record filed on CM/ECF) to both Plaintiff and Mr. Papa, and Plaintiff having failed to enter an appearance pro se, have counsel enter an appearance on his behalf, or contact the Court in any way as of the date of this Order, and in light of the relevant factors under *Poulis v. State Farm & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984),

IT IS HEREBY ORDERED that Plaintiff's Complaint (Docket No. 1-2) is DISMISSED, without prejudice.

In so holding, the Court considered each of the *Poulis* factors. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 135 (3d Cir. 2019) ("None of the *Poulis* factors is alone dispositive, and…not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution."). The Court now reviews each *Poulis* factor, in turn.

First, although Mr. Papa is plainly at fault, Plaintiff shares some responsibility for the delays in this matter with his counsel. *See Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 920 (3d Cir. 1992) ("Defendants had personal responsibility for the conduct of the litigation after their attorney withdrew."). To that end, Mr. Papa represented Plaintiff in the Court of Common Pleas of Lawrence County, but he is not admitted to practice in the U.S. District Court for the Western District of Pennsylvania and could not continue to represent him following the removal to this Court absent his obtaining admission to practice in this District or filing a motion for pro hac vice along with the necessary fee. (*See* Docket No. 11). Since this matter was removed from Lawrence County, the Clerk's Office and Court staff have attempted to contact Mr. Papa at his reported phone number and email address on numerous occasions to no avail. (*See* Docket No. 16). Defense counsel likewise attempted to meet with Mr. Papa via videoconference on at least two occasions for purposes of a meet and confer on a motion to dismiss pursuant to the Court's Rule 12(b) Order and he missed both sessions. (*See* Docket Nos. 12, 15). The Court also left voicemails for Mr. Papa at his reported telephone number at the hearing on March 27, 2026 and he has not responded to same in any way. (Docket No. 16). The Court is more than chagrined at the lack of response from Mr. Papa and believes that his failure to return these communications shows disrespect toward the Court. With all of that said, as an unrepresented litigant, Plaintiff is responsible for moving this case forward and he was served with an Order of Court directing him

to enter an appearance pro se or to obtain counsel admitted to practice here by April 17, 2026, but has not taken any steps to do so as of the date of this Order. *See Hoxworth*, 980 F.2d at 920.

Second, the failures of Plaintiff and Mr. Papa to communicate have delayed the resolution of this action, thereby causing some prejudice to Defendant. *See Mack v. United States*, 2019 WL 1302626, at *1 ("[F]ailure to communicate clearly prejudices the Defendants who seek a timely resolution of the case."). On the other hand, Defendant timely removed this case to federal court and answered and/or moved to dismiss the claims asserted by Plaintiff within a week of its removal. (Docket Nos. 4-6).  The Court scheduled a Status Conference for the purpose of getting this case back on track but neither Mr. Papa nor Plaintiff appeared.  As noted, they have also failed to return any of the phone calls from the Court as well as the phone calls and emails from Court staff.  Given same, this case remains stayed with no indication that it will be reopened and prosecuted such that Plaintiff and Mr. Papa have made adjudication of this action impossible. *See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022) ("A court does not abuse its discretion in dismissing for failure to prosecute where a litigant's conduct has made adjudication impossible.").

Third, the record demonstrates a history of dilatoriness by Plaintiff as he did not respond to the Court's Order. *See Hildebrand*, 923 F.3d at 135; *see also Poulis*, 747 F.2d 863 ("Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. *If compliance is not feasible, a timely request for an extension should be made to the court*. A history…of ignoring these time limits is intolerable.") (emphasis added).  Mr. Papa has also failed to respond to any of the inquiries by the Court and its staff; did not appear for two videoconferences with defense counsel; and did not attend this Court's March 27, 2026 Status

Conference.  Simply put, all of the Court's attempts to reach Mr. Papa have gone unanswered and more than frustrated this litigation.  *See R & C Oilfield Servs. LLC*, 45 F.4th at 661.

Fourth, Plaintiff and Mr. Papa have not provided any explanation for the continuing failure to respond. As such, the Court cannot conclude that Plaintiff's failure to participate is willful or done in bad faith. However, it can also not conclude that Plaintiff has a reasonable excuse for his failure to respond. *See Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008).  At most, the Court can infer that Plaintiff is not interested in prosecuting his case.

Fifth, there are no effective alternative sanctions as Plaintiff is not represented by counsel in this Court and has not entered an appearance to represent himself pro se. *See id.* (affirming district court finding that alternative sanctions were not available when Plaintiff fails to prosecute his action); *see also Carr v. Zahuronic*, 2022 WL 12073522, at *2 (W.D. Pa. Oct. 20, 2022) (status as unrepresented litigant "severely limits the ability of the court to utilize other lesser sanctions to ensures that this litigation progresses in an orderly fashion"). The repeated failures to respond to the Court's prior orders suggest that any monetary sanction imposed on Plaintiff would be ineffective. *McCune v. Dep't of Corrections*, 2025 WL 1939883, at *3 (W.D. Pa. June 11, 2025). Finally, it is not clear from the record that Plaintiff would be able to pay a monetary sanction, even if one were otherwise effective.

With that said, dismissal of a complaint without prejudice after the statute of limitations has run is effectively a dismissal with prejudice. *See Brennan v. Kulicki*, 407 F.3d 603, 606 (3d Cir. 2005) ("[T]he dismissal of a complaint without prejudice after the statute of limitations has run forecloses the plaintiff's ability to remedy the deficiency underlying the dismissal and refile the complaint."). But, a court can give a plaintiff a final opportunity to renew his complaint by "dismiss[ing] without prejudice in an order containing conditions for reinstatement within a

4

specified time period." *Id.* at 607. Accordingly, the Court finds that dismissal of the claims without prejudice in an order containing conditions for reinstatement including that Plaintiff show good cause why he has failed to timely prosecute this action is appropriate.

Sixth, as to the merits, Plaintiff's Complaint was drafted by counsel and appears to adequately plead facts which would support his recovery, if those facts were established at trial. *Briscoe*, 538 F.3d at 263 ("Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim."). Defendant raised a partial challenge to certain claims as it moved to dismiss Plaintiff's breach of contract, promissory estoppel and Wage Payment and Collection Law claims but chose to answer his defamation, false light and negligent or intentional infliction of emotional distress claims. (Docket Nos. 4-6). Thus, even if the Court granted the motion to dismiss, the case would go forward to discovery and Plaintiff must participate because he may no longer "rest upon the mere allegations or denials of his pleadings." *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268 (3d Cir. 2014). The complete lack of response by Plaintiff and Mr. Papa necessarily prevents the parties from discovering facts supporting and/or defending the claims in this action.

In this Court's estimation, the first, second, third, fifth, and sixth factors favor dismissal and strongly outweigh the remaining factor which is neutral or support maintaining the action. *See Hildebrand*, 923 F.3d at 132. Simply put, this case cannot proceed without participation from Plaintiff, with or without counsel, and he has made no effort to pursue his claims against Defendant since the case was removed to this Court from Lawrence County, despite numerous attempts by defense counsel, the Court and staff to secure his participation.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case CLOSED; and,

FINALLY, IT IS ORDERED that that Plaintiff shall file a motion to reinstate his

Complaint by **May 13, 2026** and demonstrate good cause for his failure to prosecute this action.

Failure to timely comply with this order will result in dismissal, with prejudice.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: All counsel of record.

Christopher Papa, Esq.
318 Highland Ave.
New Castle, PA 16101
chris@christopherpapa.com
(by first class mail and email)

William R. Kastner
122 Oakwood Ave.
New Castle, PA 16101
wrkastner@gmail.com
(by first class mail and email)