**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM R. KASTNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 26-309 |
| | ) |
| FIRST STUDENT, INC., | ) |
| | ) |
| Defendant. | ) |

## <u>MEMORANDUM ORDER</u>

AND NOW, this 12th day of June, 2026, upon consideration of Defendant First Student Inc.'s Motion for Sanctions and brief in support, (Docket Nos. 21, 22), and Attorney Shannon Huygens accompanying affidavit averring that defense counsel's billing rates for this matter are "substantially discounted from [their] standard hourly rates" at $305.00 per hour for Attorney Huygens and $265.00 per hour for Attorney Caroline Orrico, (Docket No. 21-1), the redacted copy of Defendant's billing record attached thereto which included descriptions of the tasks performed by each attorney and showed 4.3 hours billed by Attorney Huygens and 3.6 hours billed by Attorney Orrico, for a total reimbursement amount of $2,265.50, (*id.* at 4–19), Plaintiff William Kastner's response in opposition thereto, (Docket No. 26), the hearing held on May 26, 2026, during which Plaintiff's counsel, Attorney Angelo Papa, admitted that the conduct of Plaintiff's state court counsel, Attorney Christopher Papa, justified sanctions and did not challenge Defendant's request for attorneys' fees, (Docket No. 28), the Court having granted Defendant leave to submit an updated declaration in support of its Motion for Sanctions in order to include the additional attorneys' fees and costs it had incurred up to that point, (Docket No. 29), the supplemental declarations of Attorney Huygens averring that Defendant's updated total amount of attorneys' fees is $6,519.50 as it incurred an additional $1,875.00 in the month of April 2026 and

a further $2,379.00 between May 1, 2026 and May 28, 2026 in attorneys' fees, (Docket Nos. 30, 32), and the redacted copies of Defendant's billing records for the months of April and May attached thereto which showed that Attorney Huygens worked 5.8 hours and Attorney Orrico worked 0.40 hours in April 2026 and Attorney Huygens billed 7.8 hours working on the motion for sanctions in May 2026, (Docket No. 30-2, 32-1), and it otherwise appearing that the attorneys' fees and costs claimed are reasonable and properly awarded under the prevailing legal standards, *see In re: S.S. Body Armor I., Inc. v. Carter Ledyard & Milburn LLP*, 927 F.3d 763, 773 (3d Cir. 2019) ("Under [the lodestar method], '[a] court[] determine[s] an attorney's lodestar award by multiplying the number of hours . . . reasonably worked on a client's case by a reasonable hourly billing rate for such services given the geographical area, the nature of the services provided, and the experience of the lawyer.'"),

IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions [21] is GRANTED.

In so holding, the Court finds that Attorney Christopher Papa's failure to obey the Court's Orders directing the parties to meet and confer, (Docket Nos. 10, 13), and appear at the in-person status conference on March 27, 2026, (Docket No. 14), is not "substantially justified," nor are there any "other circumstances" which would "make an award of expenses unjust."[1]  Fed. R. Civ. P. 16(f)(2).  *See Rorrer v. Cleveland Steel Container*, 564 F. App'x 642, 644 (3d Cir. 2014) ("Substantial justification exists where there is a 'genuine dispute concerning compliance.'") (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007)).  Accordingly, Rule 16(f) requires this Court to order payment of the reasonable expenses Defendant incurred, including attorneys' fees, because of Attorney Christopher Papa's repeated failure to meet and

---

[1]     The Court notes that Attorney Christopher Papa has also failed to obtain admission to practice in the U.S. District Court for the Western District of Pennsylvania or move for admission or to appear pro hac vice in accordance with Local Rules 83.2.A or 83.2.B, despite being instructed to do so on numerous occasions by the Clerk of Court and this Court's staff.  *See* Docket No. 33 at 3–5.

confer despite defense counsel's numerous communications and attempts to connect, and his failure to appear at the in-person status conference on March 27, 2026 without any explanation. *Id.*

Notably, Plaintiff's counsel admits that Attorney Christopher Papa is the person or party at fault for this noncompliance and his conduct justifies the imposition of sanctions. *See, e.g.*, Docket No. 33 at 10 ("[W]e believe every single thing that you rattled off there justifies her sanctions . . . We don't challenge that in any way."); *id.* at 12 ("[W]e do not challenge the request for counsel fees as a sanction . . . and we can assure the Court that it would be our office that compensates [Defendant]."); *id.* at 23 ("Now, it appears that Mr. Angelo Papa has conceded this motion for sanctions. Am I correct on that?  MR. ANGELO PAPA: Yes, Your Honor. I've conceded on behalf of the lawyers, not the client."); *id.* at 26 ("Having heard what I heard so far, it doesn't appear that Mr. Kastner is the person who may have caused the missed deadlines or delays, and I think counsel have rightly indicated that if there is an issue about how this case has proceeded, it rests with counsel and not the client. Correct?  MR. ANGELO PAPA: Emphatically correct, Your Honor. MR. CHRISTOPHER PAPA: It rests with me, Your Honor. Me. So I take full responsibility for that.").

Nor did Plaintiff's counsel challenge the rate, hours, or amount sought in Defendant's motion, or the inclusion of the fees it incurred after March 27, 2026 to the total amount. *See, e.g.*, *id.* at 12 ("[W]e understand that her billable hourly rate is actually higher than what we would charge."); *id.* ("And if it doesn't include through today, I guess you'll just adjust that accordingly."); *id.* at 15 ("But again, I extend the courtesy to opposing counsel to update her invoice accordingly if she wants to because that's fair."); *id.* at 15–16 ("I have no problem with her updating her invoice because it should cover her being here today, too."); *id.* at 23 ("[W]e have

conceded that she may update her invoice, if necessary.").

"The court may not reduce an award *sua sponte*; rather, it can only do so in response to specific objections made by the opposing party." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 711 (3d Cir. 2005). Accordingly, in the absence of any objections from Plaintiff or his counsel, the Court finds that defense counsel's rates and hours are appropriate and reasonable. *See Metcalf v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 4:11-CV-00127, 2018 WL 6005457, at *12 (M.D. Pa. Oct. 31, 2018) ("[A]s to defendants' supplemental list of reasonable counsel fees, we find that the hours listed are appropriate because Mr. Kennerly did not object to those hours.").

In the alternative, defense counsel's hourly rates are reasonable and consistent with the fees charged by other attorneys with similar levels of experience in the Pittsburgh legal market. To that end, Attorney Huygens was admitted to the Pennsylvania Bar in 2003 and has approximately 23 years of experience, while associate Attorney Orrico was admitted in 2022 and has approximately four years of experience. This Court has approved similar hourly rates for lawyers with equivalent experience levels. *See, e.g.*, *Pletcher v. Giant Eagle Inc.*, No. CV 2:20-754, 2021 WL 6061715 (W.D. Pa. Nov. 16, 2021) (adopting Report and Recommendation of Special Master finding that hourly rate of $350 for attorney with 15 years of experience was reasonable for defending ADA case); *Board of Trustees of OPCMIA Local 526 Combined Funds, Inc. v. Spartan Construction Services, Inc. et al.*, Civ. A. No. 24-1406, Docket No. 22 (W.D. Pa. May 29, 2025) (approving fee petition for ERISA default judgment action and approving hourly rate of $250 for attorney with 5 years of experience). Thus, the Court holds that the instant hourly rates are reasonable.

Further, the hours billed by defense counsel are reasonable, compensable, and adequately

4

supported.  *See Clemens v. New York Cent. Mut. Fire Ins. Co.*, 903 F.3d 396, 400 (3d Cir. 2018) (upholding denial of fee request where the hours were excessive, redundant, vague, unnecessary, and inadequately supported by documentary evidence).  Such tasks include drafting status reports, communicating with opposing counsel, waiting for opposing counsel to attend the meet and confer meeting, reviewing the brief and affidavit submitted in support of the motion for sanctions, and redacting billing records.  (Docket Nos. 21-1, 30-2, 32-1).  Hence, there is a causal link between the accrual of these attorneys' fees and Attorney Christopher Papa's misconduct.  *See Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017) ("[T]he court can shift only those attorney's fees incurred because of the misconduct at issue.  Compensation for a wrong, after all, tracks the loss resulting from that wrong.").

For all of these reasons, the Court finds that the imposition of monetary sanctions in the amount of reasonable expenses that Defendant has incurred is appropriate and reasonable in this instance.

ACCORDINGLY, IT IS HEREBY ORDERED that Attorney Christopher Papa's law firm, Papa LLC, shall pay Defendant First Student Inc. the sum of $6,519.50 for the reasonable expenses it incurred as a result of his noncompliance pursuant to Federal Rule of Civil Procedure 16(f) by **June 22, 2026**.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf:      All counsel of record.

cc:          Christopher Papa, Esq.
             chris@christopherpapa.com
             (Via electronic mail)